Hearing Date: Nqxgo dgt"32."4233
Hearing Time: 10:00 A.M.
Location: Courtroom 250 of the Kane County Courthouse
         100 South 3rd Street, Geneva, Illinois

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § "Ej cr vgt "9" | |
| | § | |
| HERNANDEZ, FRANCISCO | § | Case No. 11-01504 |
| | §  J qp0'O cpwgn'Dctdquc | |
| Debtor | § (Mcpg'Eqwpv{+ | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Elizabeth C. Berg, Trustee_____
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 11-01504 MB  Judge: MANUEL BARBOSA | Trustee Name: | Elizabeth C. Berg, Trustee |
|---|---|---|---|
| Case Name: | HERNANDEZ, FRANCISCO | Date Filed (f) or Converted (c): | 01/14/11 (f) |
| | | 341(a) Meeting Date: | 02/28/11 |
| For Period Ending: | 09/12/11 | Claims Bar Date: | 08/10/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1104 Indian Drive, Elgin IL 60120 Single Family Ho | 147,500.00 | 0.00 | | 0.00 | FA |
| 2. 1110 Indian Drive, Elgin, IL Single Family Home- R | 132,000.00 | 0.00 | | 0.00 | FA |
| 3. Chase Bank checking account | 100.00 | 100.00 | | 100.00 | FA |
| Debtor turned over non-exempt proceeds of bank account and tax refund | | | | | |
| 4. Misc: TV, Beds, Lamps, Sofas, Chairs, Dressers, wa | 1,200.00 | 0.00 | | 0.00 | FA |
| 5. Clothing | 100.00 | 0.00 | | 0.00 | FA |
| 6. 2010 expected tax refund | 5,786.05 | 5,686.05 | | 5,686.05 | FA |
| Debtor turned over non-exempt proceeds of bank account and tax refund | | | | | |
| 7. 2004 Chevy Venture 86,000 miles (debtor drives) | 2,175.00 | 2,175.00 | | 0.00 | FA |
| 8. 2001 Nissan Xterra 160,000 miles (daughter drives) 11 | 1,700.00 | 0.00 | | 0.00 | FA |
| 9. 2001 Nissan Maxima 140,000 miles (daughter's vehic | 2,000.00 | 0.00 | | 0.00 | FA |
| 10. 2001 Honda Odyssey 148,000 miles (brother's car. H | 2,000.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.11 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $294,561.05  $7,961.05  $5,786.16  $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee recovered turnover of non-exempt proceeds of tax refund and bank account

Initial Projected Date of Final Report (TFR): 09/30/11   Current Projected Date of Final Report (TFR): 09/30/11

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 11-01504    MB    Judge: MANUEL BARBOSA | Trustee Name:    Elizabeth C. Berg, Trustee |
| Case Name: | HERNANDEZ, FRANCISCO | Date Filed (f) or Converted (c):    01/14/11 (f) |
| | | 341(a) Meeting Date:    02/28/11 |
| | | Claims Bar Date:    08/10/11 |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 11-01504 -MB | Trustee Name: | Elizabeth C. Berg, Trustee |
|---|---|---|---|
| Case Name: | HERNANDEZ, FRANCISCO | Bank Name: | Bank of America, N.A. |
| | | Account Number / CD #: | *******4248  Money Market Account |
| Taxpayer ID No: | *******5046 | | |
| For Period Ending: | 09/12/11 | Blanket Bond (per case limit): | $ 100,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/20/11 | 6 | Francisco Hernandez<br>1104 Indian Drive<br>Elgin  IL  60120 | 2010 Federal Income Tax Refund | 1124-000 | 5,786.05 | | 5,786.05 |
| 05/31/11 | INT | Bank of America, N.A. | Interest Rate  0.010 | 1270-000 | 0.01 | | 5,786.06 |
| 06/30/11 | INT | Bank of America, N.A. | Interest Rate  0.010 | 1270-000 | 0.05 | | 5,786.11 |
| 07/29/11 | INT | Bank of America, N.A. | Interest Rate  0.010 | 1270-000 | 0.05 | | 5,786.16 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | 5,786.16 | 0.00 | 5,786.16 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 5,786.16 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 5,786.16 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - *******4248 | 5,786.16 | 0.00 | 5,786.16 |
| | ---------------- | ---------------- | ---------------- |
| | 5,786.16 | 0.00 | 5,786.16 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals          5,786.16          0.00

EXHIBIT A
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 11-01504 | | Page 1 | | Date: September 12, 2011 |
| Debtor Name: | HERNANDEZ, FRANCISCO | | Claim Class Sequence | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | Elizabeth C. Berg, Trustee<br>c/o Baldi Berg & Wallace<br>19 S. LaSalle St. #1500<br>Chicago IL 60603 | Administrative | | $1,328.62 | $0.00 | $1,328.62 |
| 000001 070 7100-00 | Citibank N.A.<br>c/o Citibank (South Dakota), N.A.<br>ATTN: Claims Dept. MC 2135<br>701 E 60th Street North<br>Sioux Falls, SD 57117 | Unsecured | | $5,258.55 | $0.00 | $5,258.55 |
| 000002 070 7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $6,836.02 | $0.00 | $6,836.02 |
| 000003 070 7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $8,946.26 | $0.00 | $8,946.26 |
| 000004 070 7100-00 | American InfoSource LP as agent for<br>Citibank N.A.<br>PO Box 248840<br>Oklahoma City, OK 73124-8840 | Unsecured | | $3,986.25 | $0.00 | $3,986.25 |
| 000005 070 7100-00 | FIA Card Services, NA/Bank of America<br>by American InfoSource LP as its agent<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | $6,892.60 | $0.00 | $6,892.60 |
| | Case Totals: | | | $33,248.30 | $0.00 | $33,248.30 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-01504
Case Name: HERNANDEZ, FRANCISCO
Trustee Name: Elizabeth C. Berg, Trustee

Balance on hand $ _____

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth C. Berg, Trustee | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $ _____

Remaining Balance  $ _____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Citibank N.A. | $ | $ | $ |
| 000002 | Chase Bank USA, N.A. | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ | $ |
| 000004 | American InfoSource LP as agent for Citibank N.A. | $ | $ | $ |
| 000005 | FIA Card Services, NA/Bank of America | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE